**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SAMUEL WILLIAM MILLER, etc.,
et al.,

        Plaintiffs,

vs.                                         Case No. 3:18-cv-947-J-32PDB

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES, et al.,

        Defendants.

## ORDER

On August 6, 2018, the Court entered an Order denying pro se plaintiffs' motion for emergency injunctive relief upon concluding that, for a number of reasons related to the deficiencies of their complaint, they were unable to show a substantial likelihood of success. See Order, Doc. 6. The Court held plaintiffs' other pending motions in abeyance and directed them to file an amended complaint. They did (Doc. 7), and it is now before the Court for review.

In their amended complaint, plaintiffs again recount the alleged activities of the Department of Children and Families ("DCF"), two DCF investigators, and a DCF attorney, which allegedly led to the termination of the Millers' parental rights in March 2018 through state court proceedings. The Millers claim the defendants and others acted in concert together to violate the Millers' civil rights when they failed to believe the Millers' version of events and instead relied on other evidence to secure the termination of their parental rights. The Millers seek the return of their children to their custody, damages, an injunction, referral

of the defendants to the U.S. Attorney General, and other relief.

While the Millers' amended complaint shows some modifications (eliminating the non-state actor defendants and what appeared to be a RICO claim), the Court finds it is still deficient.  First, the Millers have failed to comply with the basic requirement of Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain a "short and plain statement of the claim" that shows that the plaintiffs are "entitled to relief."  Fed. R. Civ. P. 8(a)(2).  By contrast, the Millers list sixteen pages of allegations that include numerous seemingly disconnected and/or irrelevant paragraphs (such as those recounting the history of Mr. and Mrs. Miller's relationship with each other which well pre-dated any encounter with the defendants).  Second, while the Millers claim defendants violated their civil rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, their amended complaint does not contain any counts so defendants are given no notice as to who is alleged to have violated which right and how.

While those are more technical problems, the amended complaint suffers in more serious substantive ways as well.  For one, it still appears that the Millers are, in effect, attempting to appeal the state court decision, which is not redress the federal court can provide.  See, e.g., Staley v. Ledbetter, 837 F.2d 1016, 1017 (11th Cir. 1988) (finding court had no subject matter jurisdiction over parent's civil rights action which challenged state's child custody determination on due process and other grounds).  The Court has serious doubts that plaintiffs will be able to demonstrate that the defendants failed to accord them due process or that they were unable to raise the issues raised here in the state court proceedings.  See Jiminez v. Wizel, 644 F. App'x 868, 872-73 (11th Cir. 2016) (affirming

dismissal where parent failed to allege how DCF and its case coordinator and attorney denied him due process when they interviewed his minor child without permission and submitted reports to ex-wife's attorney); Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1334 (11th Cir. 2001) (affirming dismissal of due process claim under Rooker-Feldman where parents had opportunity to raise constitutional challenges to evidence and process in the state court proceeding).   Additionally, the defendants are likely immune from suit. See, e.g., Jiminez, 644 F. App'x at 872 (holding district court did not err in dismissing DCF because it was either a state agency entitled to sovereign immunity or, if not, because § 1983 does not permit vicarious liability claims); Himes v. Dep't of Children & Families, No. 8:10-cv-411-T-30AEP, 2011 WL 612529, *3 (M.D. Fla. Feb. 11, 2011) (finding DCF investigator and assistant attorney general immune from suit and due to be dismissed as a matter of law where they acted within their official duties, even if allegedly with negligence). While pro se parties are held to a less stringent standard in preparing their pleadings, the Court cannot permit a legally deficient complaint to go forward.  Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Accordingly, it is hereby

**ORDERED**:

If they wish to pursue this matter, no later than **October 22, 2018**, pro se plaintiffs shall file a second amended complaint that cures the deficiencies outlined in this Order in an attempt to state a claim for relief in accordance with Rule 8 of the Federal Rules of Civil Procedure.  If they cannot do so, their motions to proceed in forma pauperis will be denied

and they may proceed at that point only by paying the filing fee.[1]  Failure to file a second amended complaint that complies with this Order by the October 22, 2018 deadline will result in the dismissal of this case without further notice for failure to prosecute.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of September, 2018.

                                                TIMOTHY J. CORRIGAN
                                                United States District Judge

s.
Copies:

pro se parties

---

[1] Paying the filing fee is no assurance that their case will proceed because, once served, defendants would likely raise many of the same issues raised by the Court.